IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MALDONADO,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES YATES, et al.,<br><br>    Defendants.<br>_____/ | 1:11-cv-01633-AWI-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 7) |

On November 7, 2011, Plaintiff filed a motion seeking the appointment of counsel. He does not set forth any grounds for the request except that he is "in need of an attorney that can take the case to the extreme of the law of the State of California." (Doc. 7) Plaintiff also inquires of the Court whether a certain attorney service provides representation for pro se litigants. Id.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

    In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

    Moreover, the Court has no information about the particular legal services firm cited by Plaintiff. If he has questions about the services provided by that firm, he should ask the questions of the firm.

    For the foregoing reasons, plaintiff's motion for the appointment of counsel (Doc. 7) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 8, 2011**                                   **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE