1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  BILLY RAY MALDONADO, | ) Case No.: 1:11-cv-01633-AWI-JLT (PC) |
| | ) |
| 12          Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH |
| | ) LEAVE TO AMEND |
| 13      vs. | ) |
| | ) (Doc. 1) |
| 14  JAMES YATES, et al., | ) |
| | ) |
| 15          Defendants. | ) |
| | ) |
| 16 _____ | ) |

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

18  pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint filed July 23, 2010.

19  **I.          SCREENING REQUIREMENT**

20          The Court is required to review a case in which a prisoner seeks redress from a governmental

21  entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion

22  thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

23  monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  If the Court

24  determines the complaint fails to state a claim, leave to amend should be granted to the extent that the

25  deficiencies in the pleading can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th

26  Cir. 2000) (en banc).

27          The Civil Rights Act under which this action was filed provides a cause of action against any

28  "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

                                               1

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]"  42 U.S.C. § 1983.  To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly, 550 U.S. at 555-57.  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.      THE COMPLAINT

In the first cause of action, Plaintiff alleges that while housed at Pleasant Valley State Prison, he reported to correctional staff that he was being verbally and physically abused.  (Doc. 1 at 3)  Nevertheless, officers ignored his complaints and told him to handle it himself.  Id.  Also, he was forced to share a cell with an inmate that had a extensive history of assaults on other inmates.  Id.  He believed that his life was in danger but continued to be housed with this inmate until after he was severely beaten by the cellmate.  Id.

1    In addition, Plaintiff contends that he suffered two broken teeth, a hearing loss, blindness in his
2    left eye as a result of the attack.  (Doc. 1 at 3)  He claims that he did not receive adequate medical care
3    for these conditions, resulting in permanent disability.  Id. at 4.  He claims that this constituted a
4    constitutional violation and medical malpractice. Id.

5    **III.    DISCUSSION**

6        **A.    Failure to link any actor to the alleged acts**

7    In his complaint, Plaintiff fails to identify when the events described in the complaint occurred.
8    More importantly, he fails to identify any person that he believes caused his injuries.  He refers vaguely
9    to "officers" without identifying to whom he refers.  For example, he claims that he reported that he was
10   being verbally and physically abused by inmates but does not indicate who he told.  He reports that he
11   was in fear for his life due to his cellmate's violent history but does not indicate that the cellmate had
12   made threats or taken any violent action before the attack nor does he claim that he reported these
13   previous acts to any officer, let alone identify any officer. Though he names Warden Yates, he does not
14   claim that Yates took any wrongful action. Also, though he claims he received inadequate medical care,
15   he does not identify who provided him this inferior care.

16   The fact that Plaintiff attaches more than 60 pages of exhibits is insufficient.  Plaintiff is required
17   to identify in his complain the "who, what, when, where and how" of his claims.  The Court is not
18   obligated to examine his exhibits and guess at whom Plaintiff claims is to blame for the situation.
19   Thus, the complaint must be **DISMISSED**.

20   As described above, Plaintiff is required to provide a short, plain statement of his claim.  Exhibits
21   and evidence is not needed at this time and, indeed, more than 60 pages of exhibits is neither short nor
22   plain.  Plaintiff will be given one final opportunity to amend his complaint.  In doing so, he SHALL
23   attach exhibits only if absolutely necessary and absolutely pertinent to the allegations he makes in his
24   complaint.  He must identify the defendants that he claims caused his harm and he must briefly state
25   what each defendant did to cause his harm.

26       **B.    Eighth Amendment – Failure to Protect**

27   The Eighth Amendment protects prisoners from inhumane methods of punishment and from
28   inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

1    Extreme deprivations are required to make out a conditions of confinement claim, and only those

2    deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

3    the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and

4    quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from

5    physical abuse.  Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982).  In order to state a claim for

6    violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials

7    knew of and disregarded a substantial risk of serious harm to him.  Farmer v. Brennan, 511 U.S. 825,

8    837 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the

9    official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.

10   Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

11        As noted above, though Plaintiff describes a situation in which he was not provided protection

12   as required by the Eighth Amendment, he fails to identify who failed to provide this protection.  Thus,

13   the complaint must be **DISMISSED**.

14        **C.**     **Eighth Amendment – Inadequate Medical Care**

15        To state a claim for the violation of the Eighth Amendment based on inadequate medical care,

16   a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

17   serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other words, Plaintiff must

18   demonstrate: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant.

19   Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

20        A medical need is serious "if the failure to treat the condition could result in further significant

21   injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059

22   (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir.

23   1997).  Indications that a person has a serious need for medical treatment include: the existence of an

24   injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of

25   a medical condition that significantly affects an individual's daily activities; or the existence of chronic

26   and substantial pain.  McGuckin, 974 F.2d at 1059-1060 (citations omitted).

27        A defendant acts with deliberate indifference when he knowingly fails to respond to a serious

28   medical need, thereby inflicting harm on the plaintiff.  See Farmer v. Brennan, 511 U.S. 825, 837-42

1    (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or

2    otherwise interferes with medical treatment.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th

3    Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard."  Toguchi v. Chung, 391

4    F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

5    support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

6    (citing Estelle, 429 U.S. at 105-06).  A difference in opinion between a physician and his patient over

7    the best course of treatment is also insufficient to demonstrate deliberate indifference.  See Jackson v.

8    McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

9        In this case, Plaintiff has alleged sufficient facts to demonstrate that he suffered a serious medical

10   need.  However, he does not allege any facts to support his conclusion anyone in particular caused him

11   harm.  Once again, to state a claim, however, § 1983 requires that there be an actual causal link between

12   the actions of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't of

13   Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164,

14   167 (9th Cir. 1980).  Plaintiff must allege *facts* showing each named defendant either exhibited some

15   sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others

16   which the actor [knew] or reasonably should [have known] would cause others to inflict the

17   constitutional injury."  Johnson, 588 F. 2d at 743-44.  The complaint must specifically allege how each

18   named defendant is liable for the claimed deprivation.

19        However, Plaintiff fails to describe any wrongful action taken by the named Defendants.   Thus,

20   the complaint must be **DISMISSED**.

21        **B.**      **Negligence - California Tort Claims Act**

22        Under California law, Plaintiff may not maintain an action for damages against a public

23   employee unless he has presented a written claim to the state Victim Compensation and Government

24   Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 &

25   950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, to plead

26   a state law claim for medical malpractice, Plaintiff must comply with the California Tort Claims Act and

27   allege facts sufficient to demonstrate compliance with the Act's presentation requirement. State of

28   California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1243-44 (2004).

1   Plaintiff has failed to address the California Tort Claims Act in any manner in his complaint and,

2   therefore, has failed to allege any facts to support a conclusion that he made a timely governmental claim

3   and that the claim was rejected.  Therefore, the claim for state law medical malpractice is **DISMISSED**.

4   **C.   Eleventh Amendment Immunity**

5   The Eleventh Amendment prohibits federal courts from hearing suits brought against an

6   unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991).

7   It bars suits against state agencies as well as those where the state itself is named as a defendant. See

8   *Natural Resources Defense Council v. California Department of Transportation*, 96 F.3d 420, 421 (9th

9   Cir. 1996); *Brooks*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding

10   that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity);

11   *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1989). The immunity

12   applies whether the relief sought is money damages or injunctive relief. *Pennhurst State School & Hosp.*

13   *v. Halderman*, 465 U.S. 89, 100 (1984); *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher*

14   *Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its

15   agencies for all types of relief, absent unequivocal consent by the state.").  It applies also in actions

16   brought against an officer of the state in his official capacity. *Id*.

17   Because the California Department of Corrections and Rehabilitation is an agency of the state,

18   the action is barred by the Eleventh Amendment.  Therefore, the complaint against the CDCR is

19   **DISMISSED**.

20   **C.   Leave to Amend**

21   The Court will provide Plaintiff one opportunity to amend his pleadings to cure the deficiencies

22   noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must

23   be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the

24   complaint could not be cured by amendment.") (internal quotations omitted).

25   Plaintiff's amended complaint must be a **short, plain statement** and "must simply 'give the

26   defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz

27   v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  There

28   is no need to attach supporting evidence or exhibits it.

1    Plaintiff's amended complaint must give Defendants' a fair opportunity to frame their defenses.

2    Thus, it must clearly state for each individual Defendant: 1) who that Defendant is; 2) what that

3    Defendant did; and 4) how that Defendant's actions violated that right. Defendants are not sued

4    collectively and each Defendant is only liable for the injuries that his/her own actions cause. See Leer

5    v. Murphy, 844 F.2d at 633 ("The inquiry into causation must be individualized and focus on the duties

6    and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

7    constitutional deprivation.") Thus, Plaintiff must specifically allege the link between each individual

8    defendant and the alleged constitutional violation(s).

9    Plaintiff is cautioned that in his amended complaint, he may not change the nature of this suit

10   by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607

11   (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended

12   complaint, his original pleadings are superceded and no longer serve any function in the case.  See Loux

13   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself

14   without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged

15   in an original complaint which are not [re-]alleged in an amended complaint are waived."  King v.

16   Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted)

17   **IV.    CONCLUSION**

18   Accordingly, it is **HEREBY ORDERED** that:

19   1.    Plaintiff's complaint is **DISMISSED**;

20   2.    Plaintiff is granted 21 days from the date of service of this order to file an amended

21         complaint that complies with the requirements of the Federal Rules of Civil Procedure

22         and the Local Rules; the amended complaint must bear the docket number assigned to

23         this case and must be labeled "Amended Complaint";

24   3.    The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil

25         rights action; and

26   ///

27   ///

28   ///

1          4.        **Plaintiff is firmly cautioned that failure to comply with this order will result in a**

2          **recommendation that this action be dismissed.**

3     IT IS SO ORDERED.

4     Dated:   **April 5, 2012**                                                          **/s/ Jennifer L. Thurston**
                                                                                 UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28