1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY RAY MALDONADO, | ) Case No.: 1:11-cv-01633 - AWI- JLT (PC) |
| Plaintiff, | ) ORDER DISMISSING FIRST AMENDED |
| | ) COMPLAINT |
| v. | ) |
| JAMES YATES, et al., | ) (Doc. 10) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his initial complaint on July 23, 2010 and the Court dismissed the complaint with leave to amend because Plaintiff failed to link the alleged harm he suffered to any specific individual.  (Doc. 9).  Pending before the Court is Plaintiff's First Amended Complaint  ("FAC") filed April 13, 2012.

## I.     SCREENING REQUIREMENT

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915A(b).

/////

/////

1

1    **II.     LEGAL STANDARDS**

2          **A.  Pleading Standards**

3          "Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards

4    than formal pleadings drafted by lawyers.'"   Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting

5    Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).   "[They] can only be dismissed for failure to state a

6    claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim

7    which would entitle him to relief.'"   Id.

8          Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must

9    contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and

10   plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the

11   relief sought." Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  Fed. R. Civ.

12   P. 8(d)(1).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to

13   provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a

14   formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550

15   U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

16          In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all

17   non-conclusory factual allegations as true, and determine whether those non-conclusory factual

18   allegations accepted as true state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 129

19   S. Ct. 1937, 1949-52 (2009).  "The plausibility standard is not akin to a probability requirement, but it

20   asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 1949 (internal

21   quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on

22   its judicial experience and common sense." Id. at 1950.

23         **B.  42 U.S.C. § 1983**

24         Title 42, § 1983 of the United States Code provides a cause of action against

25

26          [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of
            any State or Territory . . . subjects, or causes to be subjected, any citizen of the United

27          States or other person within the jurisdiction thereof to the deprivation of any rights,
            privileges, or immunities secured by the Constitution and laws . . .

28   42 U.S.C. § 1983.

2

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)).  It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress."  Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under § 1983, Plaintiff is required to show that (1) each defendant acted color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  Humphrey v. Yates, 2009 U.S. Dist. LEXIS 100252, 8-9 (E.D. Cal. Oct. 27, 2009) (citing Long, 442 F.3d at 1185).

However, "[s]tate agencies ... are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir.2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).

## III.   PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff's FAC alleges that in March 2010, while housed at Pleasant Valley State Prison, he received a new cell mate (referred to herein as Markarian).  (Doc. 10 at 3).  Plaintiff claims the new cell mate verbally assaulted him and threatened to kill him. (Doc. 10 at 3). Plaintiff claims he spoke to Sergeant Oxborrow and C.O. Jordan about being moved to a new cell.  Id.  Plaintiff alleges that he was placed with this cellmate in retaliation for filing a grievance against correctional officers Amaro and Ramirez in September 2009.  (Doc. 10 at 3-4).

3

Plaintiff alleges that on April 2, 2010 he and his cellmate began to fight after his cellmate hit him in the eye with a towel. (Doc. 10 at 4). Plaintiff alleges that after the fight, C.O. Jordan removed Plaintiff from his cell and placed him with an inmate named Carter who "weighed 345 pounds." Id. Plaintiff also alleges that C.O. Jordan told other inmates in the block that Plaintiff was moved to the new cell so that he would continue to receive the "same treatment." Id. Plaintiff claims that partnering him with these cell mates done for retaliatory purposes and constituted a failure to protect. Id.

III.   **DISCUSSION**

    **A.   Eighth Amendment Cruel and Unusual Punishment Claim Based on a Failure to Protect**

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To establish that prison officials have failed to take such measures, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This requires the prisoner to satisfy both an objective and a subjective requirement. *See* Thomas v. Sheppard-Brooks (E.D. Cal., Sept. 6, 2011) 2011 WL 3917943 report and recommendation adopted, (E.D. Cal., Sept. 27, 2011, 1:06-CV-01332 LJO) 2011 WL 4499572. First, the prisoner must demonstrate that he was, in objective terms, "incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Id. Prison officials must have been aware of facts from which the inference could have been drawn that a substantial risk of serious harm exists to the inmate, and the prison officials must have also drawn the inference. Id. at 837.

    **1.   Objective Requirement**

Plaintiff's FAC does not state sufficient facts to meet the objective requirements needed to proceed with his failure to protect claim. Plaintiff alleges that Markarian fought with prior cellmates, was verbally abusive, and threatened to kill him. (Doc. 10 at 3). However, Plaintiff's FAC does not set forth any injury he sustained as a result of any actions by Markarian or that Markarian actually acted upon any of his alleged threats. As a result, Plaintiff has not set forth facts to establish a

4

substantial risk of serious harm sufficient to meet the objective standard described above.  Even if the Court assumed Plaintiff's allegations of threats were enough to create a substantial risk of serious harm,[1] the discussion below demonstrates that Plaintiff has failed to state facts to meet the subjective requirements needed to maintain an Eighth Amendment claim for failure to protect.

### 2.  Subjective Requirement

In order to determine whether Plaintiff has satisfied the subjective requirement, the Court must evaluate whether defendants were actually aware that Plaintiff faced a substantial risk of harm from Markarian.  Plaintiff has asserted that on March 20, 2010 he told Sergeant Oxborrow "he needed another cell."  (Doc. 10 at 3).  While Plaintiff's FAC alleges he told Sergeant Oxborrow "everything of the above," Plaintiff does not specify what he actually told Sergeant Oxborrow nor when he spoke to Oxborrow.  Id.  Similarly, Plaintiff asserts he told C.O. Jordan "everything I told Sergeant Oxborrow."  Id.  Because Plaintiff fails to set forth the information he imparted to Sergeant Oxborrow or C.O. Jordan, he has not set forth sufficient facts to allow the Court to determine whether Defendants Oxborrow or Jordan were aware that Plaintiff faced a substantial risk of harm.

Since Plaintiff has not set forth facts to satisfy the subjective requirement, Plaintiff fails to state sufficient facts to support a cognizable claim under the Eighth Amendment for failure to protect.

### B.      First Amendment – Retaliation Claim

Plaintiff alleges that C.O. Jordan refused to move him from the cell with Markarian in retaliation for filing grievances in September 2009 against C.O. Amaro and C.O. Ramirez.  (Doc. 10 at 3-4).  Furthermore, Plaintiff alleges that C.O. Jordan did remove him from the cell with Markarian and placed him in a cell with Carter as a part of this retaliation.  Id.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

---

[1] The Court notes that Plaintiff's initial complaint set forth specific injuries and medical issue he suffered after the altercation; however, Plaintiff has omitted those facts from his FAC.

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *see* Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Rhodes regarding elements of retaliation in prison context).

Plaintiff's initial complaint did not allege a cause of action for retaliation or set forth any facts to support such a cause of action. (Doc. 1). In its prior screening order, the Court informed Plaintiff that he may not change the nature of this suit by adding new, unrelated claims to his amended complaint. *See* George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Even if the Court viewed Plaintiff's retaliation claim as related to his failure to protect claim, Plaintiff's failure to meet the objective and subjective elements of his failure to protect claim preclude his ability to proceed on his retaliation claim. Notably, he fails to allege any facts upon which the Court may conclude that the actions were retaliatory; the fact that Plaintiff thinks this is so, doesn't make it so. Indeed, mere conclusions without factual support are not considered by the Court. In addition, as described above, Plaintiff has not set forth facts to show he suffered any objective risk of harm or that C.O. Jordan was aware that Plaintiff faced a substantial risk of harm. Thus, Plaintiff has failed to demonstrate that any adverse action occurred or that Jordan's actions in allowing Plaintiff to remain with cellmate Markarian or later be placed with inmate Carter did not have a correctional purpose. Likewise, Plaintiff has failed to show that C.O. Jordan was aware of the prior grievances involving C.O. Amaro or Ramirez.

As to all other named Defendants, including: Warden Yates, J. Morgan, D. Foreman, L. Harton, D. Foston, Sergeant MacBright, C.O. Garza, an unnamed lieutenant, Sergeant Pease, C.O. Bustos, C. Samonte, C.O. Hurton, C.O. Ruiz, C.O. Walters, and C.O. Widlund, Plaintiff has not asserted any factual allegations against them. Although Plaintiff was informed in the Court's prior order that his Complaint was defective because it did not link any actor to the alleged acts. (Doc. 9 at 3). His FAC only makes factual allegations against 2 of the 17 defendants named in his lawsuit.

## V.     Leave to Amend

The Court will grant Plaintiff **one final opportunity** to amend the complaint to address the above deficiencies. If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P.

8(a), **it must be brief** but it must describe the particular actions of each defendant that he claims deprive him of his constitutional or federal rights.  Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff is advised that he may not change the nature of this suit by adding new, unrelated claims to his amended complaint.  See George, 507 F.3d at 607 (no "buckshot" complaints).  Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility.  Twombly, 550 U.S. at 555-56 (2007) (citations omitted).  Plaintiff is also advised that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff is reminded that an amended complaint supersedes any prior complaints.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior pleading."  Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

**VI.    Conclusion**

In accordance with the above, **IT IS HEREBY ORDERED**:

1.    Within 21 days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

2.    If Plaintiff fails to comply with this order, the Court will recommend the matter be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 28, 2012**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

7