UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE MALDONADO,<br><br>        Plaintiff,<br><br>    v.<br><br>RUIZ, et al.<br><br>        Defendants. | Case No.: 1:11-cv-01633 – AWI – JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT AGAINST DEFENDANTS<br><br>(Doc. 23) |

    Plaintiff Billy Rae Maldonado ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. At present, Plaintiff requests that the Court enter default against "defendants." (Doc. 23). Accordingly, and for the following reasons, Plaintiff's request for default is **DENIED.**

    Fed. R. Civ. P. 55 governs the entry of a default judgment and requires a two-step process. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the Clerk of the Court must enter a default against a defendant who has failed to appear or defend. Fed. R. Civ. P. 55(a). Second, where, as here, a party seeks damages in an amount not immediately calculable,[1] the Court must consider the matter of entry of a default judgment. Fed. R. Civ. 55(b)(2).

---

[1] Though Plaintiff seeks payment in the amount of $1,000,000.00, (Doc. 12 at 3), his damages are not reasonably calculable given he alleges personal injuries. Fed. R. Civ. P. 55(b)(1). Similarly, Defendant Oxborrow's counsel has appeared, and thus, entry of any default judgment by the Clerk of the Court would be improper. Eitel, 782 F.2d at 1471.

1

1	Denial of a default judgment lies within the discretion of the District Court. Eitel, 782 F.2d. In
2	considering a motion for default, the District Court may consider such factors as: (1) the danger of
3	prejudice to the plaintiff, (2) the sufficiency of the complaint, and (3) whether a default is attributable
4	to excusable neglect. Id. However, the Ninth Circuit disfavors default judgments, and directs that
5	matters should be decided on their merits whenever possible. Id; Schwab v. Bullock's Inc., 508 F.2d
6	353, 355 (9th Cir. 1974).

7	As the sole basis of his motion[2], Plaintiff requests that the Court take judicial notice of his
8	second amended complaint and the Order directing service of the second amended complaint. (Doc. 23
9	at 1). A court may take judicial notice of its own docket. Fed. R. Evid. 201(b); United States v.
10	BernalObeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635
11	n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.1981) (judicial notice may be taken of court records.
12	Accordingly, the Court hereby takes judicial notice of record in the present matter.

13	In doing so, the Court notes that Defendant Oxborrow appeared on May 6, 2013, and requested
14	additional time to file a responsive pleading. (Doc. 19). The Court granted Defendant's request, and
15	Defendant Oxborrow timely filed a motion to dismiss on June 20, 2013. (Docs. 20, 22). Thus, there
16	exist no grounds upon which to enter a default judgment against Defendant Oxborrow.

17	With regard to Officers Ruiz and Jordan, a court does not possess jurisdiction over any
18	defendant who has not been served pursuant to Fed. R. Civ. P. 4. Cranford v. United States, 359 F.
19	Supp. 2d 981, 983 (E.D. Cal. 2005) (*citing* Direct Mail Specialists v. Eclat Computerized Techs, Inc.,
20	840 F.2d 685, 688 (9th Cir. 1988). Nothing in the Court record indicates that Officers Ruiz and Jordan
21	have been served with the second amended complaint.

22	///
23	///
24	///
25	///

26

---

27	[2] In filing future motions, Plaintiff is advised that he **MUST** set forth the facts and grounds of relief which he seeks. Conclusory motions, such as the present one, that require the Court to take judicial notice of certain facts without a explanation as to the relevance of the facts or the relief sought will be **DENIED.**
28

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's Request for Default Judgment be **DENIED.**

IT IS SO ORDERED.

Dated: **June 27, 2013**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE