UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MALDONADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUIZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-01633 – AWI – JLT (PC)<br><br>ORDER REQUESTING THE LEGAL AFFAIRS DIVISION OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS TO ASSIST PLAINTIFF IN OBTAINING INFORMATION REGARDING DEFENDANT JORDAN<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME<br><br>(Doc. 27) |

Plaintiff Billy Ray Maldonado ("Plaintiff") is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983.  At present, Plaintiff submits a letter to the Court requesting an extension of time to provide the Court with additional information to effectuate service on Defendants Ruiz and Maldonado, which the Court now construes as a motion for extension of time. (Doc. 27 at 1).[1]  Plaintiff asserts he "has only Ruiz['s] initial [sic]" and reports that "no [officer] is willing to answer Plaintiff['s] question of [Jordan's whereabouts]." Id.  Plaintiff further indicates that Pleasant Valley State Prison is currently changing Plaintiff's security classification and suggests that

---

[1] As a frequent litigator, Plaintiff is well aware of the requirement to style his filings as pleadings rather than letters.  Plaintiff is advised that letters filed in future, will not be acted on.  Only motions, styled as pleadings will receive court attention.

1

the Clerk of the Court follow-up with PVSP to "see if [Plaintiff] is still at" PVSP. Id.

Given Plaintiff's difficulties in obtaining identifying information for the defendants, the Court seeks the cooperation of the Legal Affairs Division of the California Department of Corrections and Rehabilitation to assist Plaintiff. These officers are alleged to have been employed at Pleasant Valley State Prison on March 16, 2010 and worked in the unit in which Plaintiff was housed at that time. The Court requests the Legal Affairs Division provide the first names of the defendants and confirm whether they are still employed by the CDCR within 30 days of the date of service of this Order.[2] In the event either defendant is no longer employed by the CDCR, the Court requests the Legal Affairs Division notify the Court whether that defendant consents to allow the CDCR to accept service on his behalf.

Finally, Local Rule 183(b) imposes a duty on Plaintiff as a *pro se* litigant to keep the Court advised as to his current address. It appears that Plaintiff seeks to circumvent this obligation by suggesting that the Clerk of the Court call PVSP on his behalf; this the Clerk of the Court will not do. Plaintiff SHALL keep the Court apprised of his current addresses in compliance with Local Rule 183(b). Failure to do so will result in a recommendation of dismissal.

**ORDER**

Accordingly, the Court **HEREBY ORDERS** as follows:

1. Plaintiff is **GRANTED 45 days** from the date of service of this Order to provide the Court will additional information to effectuate service of process on Defendants Ruiz and Jordan;

2. The request that the Clerk of the Court call PVSP is **DENIED;**

3. **Within 30 days**, the Legal Affairs Division of the California Department of Corrections and Rehabilitation is requested to provide to Plaintiff the first names of both defendants and to confirm whether both are still employed by the CDCR. In the event either defendant is no longer employed by the CDCR, the Court requests the Legal Affairs Division notify the Court whether that defendant consents to allow the CDCR to accept service on his behalf.

---

[2] In the event this information cannot be discovered, the Legal Affairs Division is requested to file an explanation of the situation with the Court.

4. The Clerk of the Court is **DIRECTED** to forward this Order to the Legal Affairs Division of the California Department of Corrections and Rehabilitation.

IT IS SO ORDERED.

Dated: **July 29, 2013**          /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE