UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MALDONADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YATES, et al.<br><br>　　　　Defendants. | Case No.: 1:11-cv-01633 AWI JLT (PC)<br><br>FINDINGS AND RECOMMENDATION GRANTING MOTION TO DISMISS<br>(Doc. 22)<br><br>ORDER WITHDRAWING REQUEST FOR LEGAL AFFAIRS DIVISION TO ASSIST WITH SERVICE INFORMATION AND WITHDRAWING ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO PROVIDE SERVICE INFORMATION<br>(Doc. 28) |

　　Billy Ray Maldonado is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On February 12, 2013, the Court directed the United States Marshal Service to serve the amended complaint on Defendants Jordan, Oxborrow, and Ruiz. (Doc. 17). At present, the Court considers Defendant Oxborrow's motion to dismiss brought pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b).[1] Despite being provided proper notice of the consequences of failing to respond to the motion, (Doc. 22-2), Plaintiff failed to file any opposition.

---

[1] To date, only Defendant Oxborrow has been served. Nonetheless, the issues Defendant Oxborrow raises in his motion to dismiss apply equally to Defendants Ruiz and Jordan. *See e.g.,* Cooper v. Tuggle, S-06-0666 FCD CMK P, 2007 WL 570200, at *3 (E.D. Cal. Feb. 21, 2007) report and recommendation adopted, CIVS060666FCDCMKP, 2007 WL 1232101 (E.D. Cal. Apr. 26, 2007) (Three defendants filed a motion to dismiss, but matter was dismissed as to the remaining defendants because the plaintiff failed to exhaust all his administrative remedies). Thus, the Court examines whether Plaintiff exhausted his administrative remedies as to all Defendants.

1

Having read and considered the pleadings, and for the reasons set forth below, the Court finds that Plaintiff failed to exhaust his administrative remedies as to all Defendants. Thus, the Court **RECOMMENDS** that the case be **DISMISSED**.

### I.    Factual and Procedural Background

Plaintiff proceeds on an Eighth Amendment claim of failure to protect against Defendants Oxborrow, Jordan, and Ruiz. (Doc. 12). According to Plaintiff, prison personnel at Pleasant Valley State Prison placed Inmate Markarian in his cell on March 8, 2010. Id. at 3. Inmate Markarian verbally threatened Plaintiff from March 16, 2010, through March 22, 2010. Id. Between March 16 and March 19, 2010, Plaintiff informed Defendants Oxborrow, Ruiz, and Jordan about his cellmate's threats. Id. Defendants refused to move Plaintiff to a different cell. Id.

On April 2, 2010, an altercation occurred between Plaintiff and his cellmate. (Doc. 12 at 4). Officer Widland used pepper spray to halt the fight. Id. Plaintiff sustained bruising in his face, swelling around his eyes, and a broken tooth due to the fight with Markarian, and suffered eye irritation due to the use of the pepper spray. Id.

### II.   Legal Analysis and Discussion

Defendant Oxborrow argues that Plaintiff failed to exhaust his administrative remedies because he failed to name Defendant Oxborrow in any administrative complaint. (Doc. 22-2). (Doc. 38-1 at 3). Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are thus required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

In order to properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). In California, the Department of Corrections and Rehabilitation has established an administrative grievance system

for prisoner complaints. *See* Cal. Code Regs, tit. 15 § 3084.1 (West 2009). Prisoners may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare. Id. at § 3084.1(a). The process is initiated by a prisoner submitting a CDCR Form 602, which is also known as an "inmate appeal." Id. at § 3084.2(a). The inmate appeal typically proceeds through four levels of review: an informal level, the first formal level, the second formal level, and the third formal level, also known as the "Director's Level." Id. at § 3084.5. A final decision from the Director's Level of review typically satisfies the exhaustion requirement under § 1997e(a). See, e.g., Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

The exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. Id. at 1119. In deciding the motion, "the court may look beyond the pleadings and decide disputed issues of fact." Id. If the court concludes that the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. If a complaint contains exhausted and unexhausted claims, "the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

Defendant Oxborrow argues that Plaintiff's inmate grievances failed to "included [any] complaints concerning Defendant Oxborrow regarding a requested cell move or concerns about his cellmate." (Doc. 22-1 at 4). He concludes that Plaintiff failed to exhaust his administrative remedy. Id. Contrary to Defendant Oxborrow's position, however, the failure to name every defendant in an administrative grievance is not *per se* fatal to the exhaustion requirement. Jones v. Bock, 549 U.S. 199, 219 (2007).

In Jones, the Supreme Court of the United States explicitly declined to adopt a bright line rule that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the [inmate] grievances." 549 U.S. at 219 (2007). Rather, a prison's applicable grievance procedure determines the level of detail required to exhaust an inmate's administrative claim. Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (*citing* Jones, 549 U.S. at 218). Nonetheless, where a prison's grievance procedures are silent as to the level of factual specificity required, a grievance is sufficient if

3

1  "it alerts the prison to the nature of the wrong for which redress is sought." <u>Griffin v. Arpaio</u>, 557 F.3d
2  1117, 1120 (9th Cir. 2009) (*adopting* the standard set forth in Strong v. David, 297 F.3d 646, 650
3  (7the Cir. 2002)).

4        In the current version, 15 Cal. Code Reg. § 3084.2(a)(3) requires an inmate to "list all staff
5  member(s) involved and shall describe their involvement in the issue" in the inmate's administrative
6  grievance. Cal. Code Regs. tit. 15, § 3084.2.  However, § 3084.2(a)(3) did not become effective until
7  January 28, 2011. <u>Chavez v. Granadoz</u>, 2:11-CV-1015 WBS CKD, 2013 WL 1749910 (E.D. Cal. Apr.
8  23, 2013). Prior to January 28, 2011, the controlling statute—15 Cal Code Regs. § 2084.2—merely
9  required inmates to complete a CDC Form 602 and "describe the problem and action requested."
10 <u>Morton v. Hall</u>, 599 F.3d 942, 946 (9th Cir. 2010); <u>Godoy v. Wadsworth</u>, Case Number CV 05-02913
11 NJV, 2010 WL 366640 at * 4 (N.D. Cal. Jan. 26, 2010).

12       Here, it appears that Plaintiff filed his administrative grievances related to his conflict with a
13 cellmate prior to January 28, 2011. *See* (Doc. 1 at 26; Doc. 22-4 at 43).  Thus, the version of 15 Cal
14 Code Regs. § 2084.2 in effect at that time, governs the Court's analysis of Plaintiff's efforts to exhaust
15 his administrative remedy. <u>Lewis v. Mitchell</u>, 416 F. Supp. 2d 935, 942 (S.D. Cal. 2005)("A prisoner
16 submitting a grievance is merely required to follow the administrative procedures available to him.")

17       A review of Plaintiff's inmate grievance[2] indicates that he insufficiently described his problem
18 with Markarian in the claims he submitted. <u>McCollum v. California Dept. of Corrections and
19 Rehabilitation</u>, 647 F.3d 870, 876 (9th Cir.2011). ["We determine whether an inmate's claim has been
20 exhausted by reference to the prison's own grievance requirements, <u>Griffin v. Arpaio</u>, 557 F.3d 1117,
21 1120 (9th Cir.2009), which necessitate that the inmate 'describe the problem and action requested,'
22 Cal.Code Regs. § 3084.2(a)."]  According to Defendants, Plaintiff submitted a plethora of appeals at
23 PVSP. (Doc. 22-4 at 3 ¶ 12).  Five of these appeals made it to the third or final appellate review level,
24 but lacked any "allegations that [Plaintiff] made a request that Sergeant Oxborrow move him to
25 another cell at PVSP." <u>Id</u>.

---

[2] Plaintiff has failed to respond to the present motion.  Nonetheless, the Court may – and does – look beyond the pleadings and considers the inmate grievance documents which Plaintiff attached to his initial complaint. (Doc. 1 at 7-74).

The Court has extensively reviewed the administrative documents provided by both Plaintiff and Defendant. *See* (Docs. 1, 22-3, and 22-4). The most immediate appeal to reach the third level of review following the April 2, 2010 altercation was received at the CDCR's third appellate level on August 5, 2010, and assigned Log Number PVSP-10-00851. (Doc. 22-4 at 5). Plaintiff's subsequent appeal received at the third level was received on April 22, 2011, and assigned Log Number PVSP-10-02189. Id. Thus, the Court examines these two grievances to determine whether Plaintiff sufficiently "describe[d] the problem and action requested" with regard to all of the Defendants. *See* Cal.Code Regs. § 3084.2(a).

Log Number PVSP-10-00851 appears to be a group grievance filed by an inmate Robledo and signed by a number of prisoners including Plaintiff. (Doc. 22-4 at 12-15). Submitted on May 5, 2010, the group grievance complains that PVSP officials are "exposing inmates to oppressive life," and requests "[a] minim[um] of ten hours of exercise" and termination of "scheduling, training, & lockdowns on holidays." Id. at 12. This grievance contains a generalized complaint that some officers ignored inmates' safety by "ignoring cell move[] [requests and] compatibility problems," (Doc. 22-4 at 14), but nowhere specifies that Plaintiff requested a cell move in March of 2010. Similarly, the grievance lacks reference to any altercations occurring between cellmates. Thus, the Court finds that this inmate grievance failed to reasonably inform the CDCR of Plaintiff's complaint against any of the Defendants.

On the other hand, Plaintiff submitted Log Number PVSP-10-02189 on September 8, 2010, in which he complains that he informed Officer Ruiz of a conflict with his cellmate.[3] (Doc. 22-4 at 43). Specifically, Plaintiff complains that he was housed with an African American cellmate in contravention to state law and that Officer Ruiz told him to "kill [his] cellmate." Id. While this complaint may have notified prison personnel of some conflict between Plaintiff and his cellmate, complaints of a cellmate's race bear no relationship whatsoever to Plaintiff's present complaint of assault by Markarian on April 2, 2010. Id.[4]

---

[3] Plaintiff omits to reference either Defendant Jordan or Oxborrow in this claim.

[4] Even if Plaintiff had properly described his complaint against Defendant Ruiz in Log Number PVSP-10-02189 his complaint would have been untimely. The CDC Form 602 specifically advised plaintiff that he could "send his

5

Ironically, Defendant Oxborrow reviewed Plaintiff's grievance (Log Number PVSP-10-02189) on December 28, 2010. (Doc. 22-4 at 44). Defendant Oxborrow's role in reviewing this grievance provides no basis for the Court to find that the Defendant Oxborrow was aware of Markarian's threats to Plaintiff prior to April 2, 2010. As such, Log Number PVSP 10-02189 lacks any reasonable description of the April 2 altercation.

Finally, none of Plaintiff's other three inmate grievances relate to any threat or assault by Markarian.[5] Thus, the Court finds that Plaintiff failed to exhausted his administrative remedies against all three Defendants prior to filing the present suit. Therefore, the Court recommends the matter be **DISMISSED**.

### ORDER

In light of the Court's finding here that Plaintiff failed to exhaust his administrative remedies, the matter is recommended to be dismissed in its entirety. Thus, there is no need to serve either of the remaining defendants. Therefore, the Court ORDERS:

1. The order issued on July 29, 2013 seeking the assistance of the Legal Affairs Division of the CDCR and granting Plaintiff an extension of time to provide service information on the unserved defendants is **WITHDRAWN** and the request for the extension of time is **MOOT**.

2. The Clerk of the Court is **DIRECTED** to forward this Order to the Legal Affairs Division of the California Department of Corrections and Rehabilitation.

### FINDINGS AND RECOMMENDATIONS

Accordingly, and for the aforementioned reasons, the Court recommends that this matter be **DISMISSED.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

---

appeal…within 15 days of the action taken." (Doc. 22-4 at 43). Plaintiff did not appeal Defendant Ruiz's action until September 8, 2010, which is more than five months after the April 2 altercation allegedly occurred. Id. As such, Plaintiff's complaint against Defendant Ruiz is untimely. See Woodford 548 U.S. at 93.

[5] Log Number PVSP-08-00873 was accepted by the CDCR nearly two years prior to the alleged April 2, 2010 altercation. (Doc. 22-4 at 5). Log Number PVSP-10-01239 pertains to a nurses' failure to provide him with a lower bunk chrono. (Doc. 22-4 at 26). Log Number PVSP 12-00060 alleges that a correctional officer sexually assaulted Plaintiff while searching Plaintiff. (Doc. 22-4 at 21).

Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order**. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 30, 2013**                                   **/s/ Jennifer L. Thurston**
                                                                               UNITED STATES MAGISTRATE JUDGE